**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re: 3M Combat Arms Earplug Products Liability Litigation | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO VACATE
CONDITIONAL TRANSFER ORDER 28 (CTO-28)**

Plaintiff, Michael Drago ("Drago" or "Plaintiff"), pursuant to Judicial Panel on Multidistrict Litigation Rule 7.1(f) hereby respectfully submits this Memorandum of Law in Support of his Motion to Vacate Conditional Transfer Order 28 (CTO-28) ("*Motion to Vacate*").

Plaintiff submits this *Motion to Vacate* regarding the transfer of this action to the following Multidistrict Litigation: <u>In re: 3M Combat Arms Earplugs Liability Litigation</u>, MDL No. 2885.

As grounds for his motion, Plaintiff states that due to procedural aspects of Plaintiff's putative class action claim, Plaintiff requested that the Court vacate the present Conditional Transfer Order (CTO-28).

**I.   PRELIMINARY STATEMENT AND PROCEDURAL HISTORY**

On August 2, 2019, Plaintiff filed the instant putative class action against 3M Company and Aearo Technologies, LLC (collectively, "Defendants"), generally alleging Plaintiff and a putative class have been irreparably harmed by Defendants faulty design and manufacture of their Combat Arms Earplugs.  <u>See</u> generally, *Complaint*, Docket Entry No. 1.

Pursuant to M.G.L. c. 93A, § 9(3), both Defendants were served with Plaintiff's class wide M.G.L. c. 93A, § 9(3) demand(s) for relief.

1

Pursuant to M.G.L. c. 93A, § 9(3), Defendants are permitted 30 days to present a reasonable odder in response to the Plaintiff's M.G.L. c. 93A demand(s). Id. The Demand Letter(s) set forth the factual basis for Plaintiff's claims; and further, alleged (with respect to the proposed putative Massachusetts Sub-Class) that the acts and omissions Plaintiff contends constituted violations of Massachusetts Consumer Protection Act.

Defendants' responses to Plaintiff's M.G.L. c. 93A demand letter(s) are due on or before September 12, 2019.

If Defendants either jointly or severally fail to make a reasonable offer to Plaintiff and the putative Massachusetts Sub-Class, Plaintiff, under Massachusetts substantive law, is permitted to amend his complaint to add additional claims for violations of the Massachusetts Consumer Protection Act.

For these reasons, Defendants have not been served with the pleadings or Complaint in the action conditionally scheduled to be transferred to the MDL. On August 19, 2019, Plaintiff filed his *Notice of Opposition to Conditional Transfer Order (CTO-28)* with the Panel on Multidistrict Litigation ("the Panel"). Thereafter, on August 28, 2019, Plaintiff filed his Memorandum of Law in Opposition to Conditional Transfer Order (CTO-28).

On August 30, 2019, Plaintiff was notified by the Clerk of

For the reasons set forth herein, Plaintiff respectfully requests that the Panel vacate the Conditional Transfer Order until such a time as the Defendant has responded to Plaintiff's Demand Letter(s), and Plaintiff has filed (and served) his anticipated First Amended Complaint.

## II. ARGUMENT

There is "a fundamental precept that federal courts are courts of limited jurisdiction." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). "Before transfer will be ordered, the

Panel must be satisfied that all of the statutory criteria have been met." In re Highway Acc. Near Rockville, Connecticut, 388 F. Supp. 574, 575 (J.P.M.L. 1975).

The Panel may only consolidate matters—including tag-along actions—that share common questions of fact. 28 U.S.C. § 1407(a); and J.P.M.L. Rule 1.1(h) (defining "tagalong action" as involving common questions of fact with other MDL matters).

Further, MDL transfers, including tag-along transfers, must be undertaken for the convenience of the parties and witnesses, and promote the just and efficient conduct of the action. 28 U.S.C. § 1407(a); see also, In re A. H. Robins Co., Inc., 505 F. Supp. 221, 223 (J.P.M.L. 1981)(declining to transfer tag-along actions to the MDL from the Northern District of California where doing so "would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the . . . litigation").

The present putative class-action is in a different procedural stage than the individual actions presently transferred to the Panel; and accordingly, transfer at this stage does not "serve the convenience of the parties". Id.; see also, In re Cymbalta (Duloxetine) Prod. Liab. Litig. (No. II), 138 F. Supp. 3d 1375, 1376 (U.S. Jud. Pan. Mult. Lit. 2015)(denying transfer of 41 cases which were at "substantially different procedural stages".). In this case, the issue of the Massachusetts sub-class' substantive state law claims under M.G.L. c. 93A are also distinctive from the other individual cases which have already been transferred to the Panel.

Moreover, because, *inter alia*, their remains a pending issue of state law, this action should not be subject to transfer to the MDL, or at the very least, this action is not ripe for transfer to the MDL at this stage.

### III.  CONCLUSION

WHEREFORE, based on the foregoing, Plaintiff requests that this Court vacate CTO-28 in order to allow Plaintiff, and the putative class, time to address the pending state law issues relating to the Massachusetts sub-class, and until a time after Plaintiff files and serves his potential Amended Complaint.

Respectfully submitted,                                                               DATED: August 30, 2019
Plaintiffs, by their Attorneys,

*/s/ Kevin J. McCullough*
Kevin J. McCullough, Esq. - BBO # 567507
kmccullough@forrestlamothe.com
Michael C. Forrest, Esq. - BBO # 681401
mforrest@forrestlamothe.com
David J. Relethford, Esq. - BBO# 691223
drelethford@forrestlamothe.com
Forrest, LaMothe, Mazow,
McCullough, Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970
(617) 231-7829
(877) 599-8890

### CERTIFICATE OF SERVICE

Pursuant to Rule 4.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, I hereby certify that this document, filed through the Panel's ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on August 30, 2019.

*/s/ Kevin J. McCullough*
Kevin J. McCullough, Esq. BBO # 567507
kmccullough@forrestlamothe.com
Forrest, LaMothe, Mazow,
McCullough, Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970
(617) 231-7829
(877) 599-8890

4